[No. 7076. Decided January 31, 1908.]

JOHN N. PERKINS, *Respondent*, v. JOHN PEIRCE *et al.*, *Appellants*.[1]

APPEAL—PARTIES—JOINDER—NOTICE—DISMISSAL. An appeal will be dismissed as to a coparty, where the record fails to show that he joined in the notice of appeal, or that he filed any appeal bond, and no brief was filed in his behalf.

PARTNERSHIP—CONTRACTS—INDIVIDUAL LIABILITY. A member of an alleged copartnership, who signed a contract of employment, is liable thereon, whether or not the partnership existed or he had authority to execute the contract for the partnership, as between the parties to the contract, when the rights of the alleged copartners were not before the court.

Appeal from a judgment of the superior court for King county, Griffin, J., entered April 20, 1907, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on a contract of employment. Affirmed.

*Jerold Landon Finch*, for appellant Evans.

RUDKIN, J.—This action was instituted against the defendants as copartners to recover for services performed by the plaintiff at the instance and request of the defendants in

[1]Reported in 93 Pac. 525.

procuring options for certain timber lands, and in placing the defendants in communication with the owners thereof, to the end that deeds might be obtained therefor. Trial was had before the court without a jury. The court found that the defendants were copartners as alleged; that on the 21st day of March, 1905, they employed the plaintiff to procure options on certain timber lands in Clallam county, agreeing to divide with him the difference between the price paid per quarter section and $1,800, which was modified to $1,600 per quarter section on October 28, 1905; that the defendant Evans in entering into the contract of employment acted for himself and his codefendant Peirce; that pursuant to his contract of employment the plaintiff obtained options on five quarter sections and one eighty-acre tract, at the agreed purchase price of $1,000 per quarter section; that the defendants and their appointee obtained title to all of said lands; that the plaintiff has received nothing on account of his services in that behalf; and entered judgment accordingly. From this judgment the defendant Evans has appealed.

He states in his brief that his codefendant Peirce joined in the appeal, but no notice of such joinder and no appeal bond appears in the record, and no brief has been filed. As to the appellant Peirce, therefore, the appeal, if any, must be dismissed, and it is so ordered.

Much of the argument of the appellant is addressed to the question of the existence of a partnership between himself and his codefendant Peirce, but insofar as the rights of the appellant are concerned, we do not deem that question material. The contract of employment was entered into and signed by the appellant, and whether there was a copartnership, or whether the appellant was authorized to act for or bind his codefendant, is not an issue on this appeal. The court found that the contract was entered into by the appellant and the respondent, that the respondent performed his part of the contract and has not been paid the stipulated compensation

for his services.   These findings are sustained by the testimony and the judgment against the appellant was proper, partnership or no partnership, the rights of the defendant Peirce not being before this court.   15 Ency. Plead. & Prac., 960.

The judgment is therefore .affirmed.

HADLEY, C. J., FULLERTON, ROOT, DUNBAR, MOUNT, and CROW, JJ., concur.